# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### BOBBY ERVIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sumner County**
**No. 587-2010      Dee David Gay, Judge**

---

**No. M2010-01767-CCA-R3-PC - Filed December 2, 2010**

---

The Petitioner, Bobby Ervin, appeals from the order of the trial court dismissing his petition for post-conviction relief as time-barred. The State has filed a motion requesting that this Court affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. We grant the State's motion and affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

DAVID H. WELLES, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Bobby Ervin, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Lawrence A. Whitley, District Attorney General; and Byrna Grant, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The record before us reflects that on November 10, 2005, the Petitioner entered best interest pleas to one count of aggravated assault and one count of vandalism over $500. He received an effective sentence of four years to be served in Community Corrections. On August 3, 2009, the Petitioner pleaded guilty to violating the terms of his community corrections sentence, and the trial court placed his original sentence into effect.

On July 9, 2010, the Petitioner filed a petition for post-conviction relief. The trial court determined that the petition was barred by the one-year statute of limitations and

summarily dismissed the petition. It is from the order of the trial court dismissing the petition that the Petitioner appeals.

A person in custody under a sentence of a court of this state must petition for post-conviction relief within one year of the date of the final action of the highest state appellate court to which an appeal is taken, or if no appeal is taken, within one year from the date on which the judgment becomes final. See Tenn. Code Ann. § 40-30-102(a). If the petition is not filed within one year, consideration of the petition by the trial court is barred. Id. It is apparent from the record in this case that the petition was not filed within the time allowed by the statute of limitations.

Our legislature has provided only limited exceptions to the applications of the statute of limitations. See Tenn. Code Ann. § 40-30-102(b). The Petitioner alleged in his petition that he is entitled to post-conviction relief primarily because he received the ineffective assistance of counsel prior to entering his guilty plea. He asserts that his trial counsel did not investigate his case and suppressed all discovery. Although the Petitioner alleged that the statute of limitations should be tolled, an examination of the petition and the arguments presented on appeal reveal no facts or grounds under which due process would require that the statute of limitations not be strictly applied to the petition nor any reason supporting any exception to the application of the statute of limitations.

We conclude that the trial court did not err by summarily dismissing the petition for post-conviction relief as time-barred. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____
DAVID H. WELLES, JUDGE